UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 23.114.176.59,<br><br>    Defendant. | Case No. 23-cv-05473-JST<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>Re: ECF No. 7 |

Plaintiff Strike 3 Holdings, LLC, moves ex parte for leave to serve a third-party subpoena prior to a Rule 26(f) conference. ECF No. 7. After considering the application, the Court orders the following:

1. Strike 3 has established that "good cause" exists for it to serve a third-party subpoena on AT&T Internet (the "ISP") under Rule 45 of the Federal Rules of Civil Procedure. *E.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *2-3 (N.D. Cal. Jan. 10, 2018).

2. Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with the true name and address of the Defendant to whom the ISP assigned an IP address as detailed in the complaint and as listed in the case caption. Strike 3 shall attach a copy of this order to any such subpoena.

3. Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant.

/ / /

/ / /

4. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2) by sending a copy of this order to Defendant.[1] *See* 47 U.S.C. § 551(c)(2) ("A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed. . . .")

5. Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Strike 3's rights as set forth in its complaint.

6. Each ISP will have 30 days from the date of service upon it to serve each of its subscribers whose identity information is sought with a copy of the subpoena and a copy of this order. The ISPs may serve the subscribers through any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first class mail or overnight service.

7. Each subscriber and each ISP shall have 30 days from the date of service upon each of them to file any motions in this Court contesting the subpoena (including motions to quash or modify the subpoena). If the 30-day period after service on the subscriber lapses without the subscriber or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Strike 3 the information responsive to the subpoena with respect to that subscriber.

8. Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may sua sponte grant a protective order. *Strike 3 Holdings*, 2018 WL 357287, at *3. Because the ISP subscriber(s) may not be the individual(s) who infringed Strike 3's copyright, and because of the potential embarrassment associated with being publicly accused of illegally downloading adult motion pictures, the Court issues the following limited protective order in this case: To the extent that the ISP releases any name or other personal identifying information regarding any current or proposed defendant to Strike 3, such information shall be treated as confidential and shall not be

---

[1] A "cable operator" is "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

1  publicly disclosed until Defendant has had the opportunity to file a motion with this Court to

2  proceed anonymously and the Court has ruled on that motion.  If Defendant fails to file a motion

3  for leave to proceed anonymously within 30 days after his or her information is disclosed to

4  Strike 3, this limited protective order will expire.

5  **IT IS SO ORDERED.**

6  Dated: November 14, 2023



JON S. TIGAR
United States District Judge